IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TROVER GROUP, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:15-cv-2084 |
| | § | JURY DEMAND |
| MESSOA TECHNOLOGIES INC. | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S COMPLAINT**

1. Plaintiff Trover Group, Inc. ("Plaintiff" or "Trover") files its Complaint for patent infringement. Plaintiff asserts claims for patent infringement of U.S. Patent No. 5,751,346 (the "'346 Patent"), a copy of which is attached hereto as Exhibit "A" against Defendant Messoa Technologies Inc. ("Defendant" or "Messoa") under 35 U.S.C. § 271, *et seq*. In support thereof, Plaintiff Trover Group, Inc. would respectfully show the Court the following:

**PARTIES**

2. Plaintiff Trover Group, Inc. ("Trover") is a Texas corporation with its principal place of business located at 101 East Park Blvd., Suite 600, Plano, Texas 75074. Trover was formerly known as Dozier Financial Corporation.

3. Defendant Messoa Technologies Inc. ("Messoa") has its principal place of business located at 13611 12th St., Unit B Chino, California 91710. Messoa does business in the State of Texas and in the Eastern District of Texas. Messoa does not maintain a registered agent for service of process in Texas. Accordingly, Messoa may be served through the Texas Secretary of State

through the Texas Long Arm Statute. Alternatively, Messoa may be served through any other means permitted by law.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Messoa. Messoa conducts business within the State of Texas and the Eastern District of Texas. Messoa directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. Messoa has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. Messoa has committed the tort of patent infringement within the State of Texas and this District.

6. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b) and 1400.

7. Trover has enforced its rights under the ’346 Patent against numerous infringers over the last several years. Companies against whom Trover has enforced its patent include: Diebold Corporation, Verint Systems, Inc., Tyco Integrated Security, LLC; Sensormatic, LLC; ADT, LLC; March Networks, Inc., 3VR Security, Inc., Vicon Industries, Inc., i3 International, Inc., Dedicated Micros USA, Kaltec Electronics, Inc. d/b/a Digital Watchdog, Pelco, Inc., Panasonic Corporation of North America, USA Vision Systems, Inc., FireKing Security Group, Say Security Group, USA, LLC, HikVision USA, Inc., Hunt Electronics USA, Inc., AXIS

Communications, Inc., T.S. MicroTech, Inc., Unix CCTV Corp, Vitek Industrial Video Products, Inc., Watchnet, Inc., Avant Technologies, Aver Information, Inc., Milestone Systems, Inc., Observint Technologies, Inc., Samsung Techwin America and Telexper Incorporated.

## PATENT INFRINGEMENT

8. On May 12, 1998, the United States Patent and Trademark Office ("PTO") issued the '346 Patent, entitled "Image Retention and Information Security System," after a full and fair examination. The '346 Patent relates generally to video monitoring systems, and in particular to such systems that store images based on the detection of changes in the pixilation between images.

9. The '346 Patent contains five independent and two dependent claims.

10. The '346 Patent was originally assigned to Dozier Financial Corporation. Dozier Financial Corporation later changed its name to Trover Group, Inc. Plaintiff Trover is the successor-in-interest to Dozier Financial Corporation and is the assignee of all rights, title and interest in and to the '346 Patent and possesses all rights of recovery under the '346 Patent.

### Infringement of the '346 Patent

11. Messoa manufactures and/or sells to customers within the United States numerous video recording devices, including digital video recorders ("DVRs") and digital cameras that infringe the '346 Patent, including but not limited to the following (collectively "Accused Products"):

| Cameras | NOD395 | NFD821PRO | Recorders |
|---|---|---|---|
| | NOD385 | NCB752 | |
| NID318 | NID338 | NCB750 | NVR203-008P |
| NCR375 | NID335 | NIC990 | NVR203-004P |
| SPD970 | NID325 | NIC950HPRO | NVR206-016 |
| PTZ900 | UFD305 | NIC930HPRO | NVR203-008 |
| NCB358 | NCR878 | NDZ760 | NVR203-004 |
| NCB355 | NCR875PRO | NCC800(WL) | DVR104 |
| NCR368 | NDR721 | NCC700 | DVR108 |
| NCR365 | NDR891PRO | LPR610 | DVR116 |
| NOD398 | NFD831PRO | LPR615 | |

12. The Accused Products allow images to be compressed in various digital formats. The Accused Products also include motion detection functionality that compares two digitized images to measure the extent of change from the first image to the second. If the extent of change is greater than a reference value, then the second image is saved. Later the saved images can be retrieved for examination.

13. Messoa tests, demonstrates and provides training on how to operate the Accused Products in the United States. For example, Messoa routinely participates in industry trade shows such as the ISC West trade show held every year in Las Vegas, Nevada. At this trade show, Messoa has displayed one or more of the Accused Products and has provided demonstrations of the various functions and features of those products, including the motion detection feature. In addition, Messoa provides demonstrations of many of its products over its internet website, through which Messoa uses one or more of the Accused Products to teach and demonstrate features such as motion detection. Upon information and belief, Messoa routinely tests the Accused Products in the United States to verify that the products operate as they are designed and intended.

**Messoa's Knowledge of the '346 Patent**

14. The commercial embodiments of the '346 Patent, namely the IRIS DVS, IRIS Total Vision, and EyzOn Camera products were consistently marked with the patent number for the '346 Patent since each of those products were first introduced. The IRIS DVS and IRIS Total Vision products have been publicly displayed at numerous industry trade shows and conventions held at various locations through the years. Further, the EyzOn Camera, together with the IRIS DVS and IRIS Total Vision products, were publicly displayed at the 2013 ISC West trade show and convention in Las Vegas in May of 2013. Messoa was also an exhibitor at that same trade show.

Upon information and belief, employees or representatives from Messoa visited the booth where the IRIS and EyzOn products, and a copy of the ’346 Patent were being displayed.

15. The ’346 Patent has been cited as prior art with respect to at least 68 patent applications considered by the PTO.

## COUNT ONE: PATENT INFRINGEMENT OF THE ’346 PATENT

16. Trover realleges paragraphs 1 through 15 herein.

17. By testing and demonstrating the operations and functionalities of the Accused Products in the United States, including but not limited to the motion detection feature or functionality, Messoa has directly infringed at least Claim 7 of the ’346 Patent, either literally or through the doctrine of equivalents. In addition, by selling and offering to sell these products to customers in the United States, and instructing those customers to use these products such that those customers would directly infringe at least Claim 7 of the ’346 Patent, Messoa has actively, intentionally, and/or knowingly induced or contributed to the infringement of at least Claim 7 of the ’346 Patent by others, either literally or through the doctrine of equivalents.

18. The Accused Products have no substantial uses that did not infringe the ’346 Patent.

## MISCELLANEOUS

19. Trover has satisfied all conditions precedent to filing this action, or any such conditions that have not been satisfied have been waived.

20. Through this pleading, Trover has not elected any one remedy to which they may be entitled, separately or collectively, over any other remedy.

## RELIEF

Plaintiff Trover respectfully requests the following relief:

A. That the Court award damages to Plaintiff Trover to which it is entitled;

B. That the Court award pre-judgment and post-judgment interest on such damages at the highest rates allowed by law;

C. That the Court award such other and further relief, at law or in equity, as the Court deems just and proper.

A JURY TRIAL IS DEMANDED BY PLAINTIFF TROVER GROUP, INC.

Respectfully submitted,

By: */s/ Steven N. Williams*

**Steven N. Williams**
swilliams@mcdolewilliams.com
Texas Bar No. 21577625
**Kenneth P. Kula**
kkula@mcdolewilliams.com
Texas State Bar No. 24004749
**William Z. Duffy**
zduffy@mcdolewilliams.com
Texas State Bar No. 24059697
**Brian P. Herrmann**
bherrmann@mcdolewilliams.com
Texas State Bar No. 24083174
**McDOLE WILLIAMS**
**A Professional Corporation**
1700 Pacific Avenue, Suite 2750
Dallas, Texas 75201
(214) 979-1122 - Telephone
(214) 979-1123 – Facsimile
**ATTORNEYS FOR PLAINTIFF**